■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT W. RUTLEDGE, Appellant. [723 NYS2d 418] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 30, 1998, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

In satisfaction of an indictment charging two counts each of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, defendant entered a knowing and voluntary plea to a reduced count of criminal possession of a controlled substance in the second degree. In accordance with the plea bargain, defendant was sentenced to an indeterminate prison term of 8⅓ years to life. Defendant appeals, claiming that he did not waive the right to appeal and that the sentence is harsh and excessive.

As the People candidly concede, the record does not demonstrate a valid waiver of the right to appeal by defendant. There is, however, no basis to disturb the sentence. Inasmuch as the sentence was in accordance with the plea bargain and, considering the severity of the crime, the leniency accorded to defendant in permitting him to plead to one count of a reduced charge and defendant's criminal history, which includes a Federal drug trafficking felony conviction, we see no abuse of discretion in the sentence imposed and no basis for this Court to exercise its authority to modify the sentence in the interest of justice (*see, People v Van Nordstrand*, 238 AD2d 634, 635, *lv denied* 90 NY2d 1015; *People v Benoit*, 142 AD2d 794, 795, *lv denied* 72 NY2d 915).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.