(September 30, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT VALENTINO, Appellant. [782 NYS2d 299]—Rose, J. Appeal

from a judgment of the County Court of Albany County (Breslin, J.), rendered September 29, 2000, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

Defendant pleaded guilty to the crime of arson in the third degree, waiving his right to appeal, in satisfaction of a three-count indictment. In accordance with the plea agreement, County Court sentenced him to a prison term of 3½ to 10 years. Defendant now appeals.

At the outset, we note that defendant's failure to either move to withdraw his guilty plea or vacate the judgment of conviction renders his challenge to the plea's voluntariness unpreserved for our review (*see People v Butler*, 2 AD3d 1459 [2003], *lv denied* 3 NY3d 637 [2004]; *People v Smith*, 305 AD2d 853, 854 [2003], *lv denied* 100 NY2d 624 [2003]). Regardless, there is no merit to defendant's contention that the plea was not knowingly, voluntarily and intelligently made. Our review of the plea minutes establishes that County Court undertook a thorough and searching inquiry, during which it properly ascertained that defendant was not under duress, medication or any other condition that would taint his willingness to enter the plea, fully understood the consequences thereof and did, indeed, commit the subject crime underlying the plea.

Defendant's ineffective assistance of counsel claims are also unsubstantiated. He assured County Court that he had received ample opportunity to discuss the ramifications of his plea and other options with defense counsel and was fully satisfied with the services provided. Moreover, the record demonstrates that defense counsel provided meaningful representation throughout the proceedings (*see People v Smith*, 302 AD2d 677, 680 [2003], *lv denied* 100 NY2d 543 [2003]; *People v Gregory*, 290 AD2d 810, 811-812 [2002], *lv denied* 98 NY2d 675 [2002]). Defendant's additional claim that his sentence was harsh and excessive is not properly before this Court in light of his waiver of his right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Starker*, 271 AD2d 873 [2000], *lv denied* 95 NY2d 858 [2000]).

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.