■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERVIN L. HILL, Appellant. [783 NYS2d 145]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 7, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to a reduced charge of attempted burglary in the second degree in full satisfaction of a three-count indictment. In accordance with the plea agreement, defendant was sentenced as a second felony offender to a prison term of four years and five years of postrelease supervision. Defendant appeals and we affirm.

Initially, as defendant failed to move to withdraw his plea or to vacate the judgment of conviction, his challenge to the voluntariness of his plea is not preserved for our review (*see People v Williams*, 6 AD3d 746, 746 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Boyce*, 2 AD3d 1208, 1208 [2003], *lv denied* 2 NY3d 737 [2004]). In any event, a review of the plea colloquy indicates that Supreme Court fully apprised defendant of the

nature and consequences of his guilty plea, and he unequivocally stated that he was not under the influence of alcohol or drugs, he had adequate time to discuss the terms of the plea with counsel and he understood the rights he would be relinquishing if he pleaded guilty, and he then admitted committing acts satisfying each element of the crime of attempted burglary in the second degree (*see People v Barnes*, 302 AD2d 623, 623-624 [2003], *lv denied* 99 NY2d 652 [2003]; *People v Terry*, 300 AD2d 757, 757 [2002], *lv denied* 99 NY2d 620 [2003]). We also find no merit to defendant's contention that his sentence was harsh and excessive given his criminal history and the fact that he was sentenced in accordance with the negotiated plea agreement. Furthermore, we do not find extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Poleto*, 252 AD2d 668 [1998], *lv denied* 92 NY2d 929 [1998]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.