■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO THREATT, Appellant. [790 NYS2d 304]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 7, 2001 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty as charged and waived his right to appeal in exchange for an agreed-upon sentence of 2½ to 7½ years for his conviction of criminal possession of a controlled substance in the third degree and 3½ years for his conviction of criminal possession of a weapon in the second degree, the sentences to run consecutively. Prior to sentencing, defendant, through his counsel, agreed to

change the terms of the plea agreement to reflect a sentence that could later benefit his parole status. Defendant was thereafter sentenced in accordance with the amended plea agreement to concurrent sentences of 3 to 6 years for his controlled substance conviction and six years for his weapon conviction. This appeal ensued.

Initially, defendant's challenge to the voluntariness of the plea, while not precluded by his waiver of the right to appeal, is not preserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Thigpen*, 12 AD3d 934, 934 [2004]; *People v Scott*, 12 AD3d 716, 717 [2004]). In any event, our examination of the plea minutes reveals that County Court (Rosen, J.) properly ascertained that defendant was entering the plea free of duress and coercion, he was not under the influence of drugs or alcohol, he had discussed the matter with defense counsel, was satisfied with the services he was provided and he understood the rights he was relinquishing as a result of the plea (*see People v Hermance*, 12 AD3d 851, 852 [2004]; *People v Hill*, 11 AD3d 817, 817-818 [2004]; *People v Grier*, 11 AD3d 816, 816-817 [2004]).

With respect to defendant's attack upon the sufficiency of the plea allocution, we note that defendant was not required to independently recite the facts underlying the crime to which he pleaded guilty where his affirmative and unequivocal responses to County Court's inquiry did not otherwise signal doubt regarding his guilt or the voluntariness of his plea (*see People v Mahar*, 12 AD3d 715, 716 [2004]; *People v Snare*, 11 AD3d 823, 824 [2004]; *People v Pringle*, 10 AD3d 802, 803 [2004]). Accordingly, we find that defendant's plea was in all respects voluntary, knowing and intelligent. Defendant's remaining argument that his sentence is harsh and excessive is foreclosed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Clow*, 10 AD3d 803, 804 [2004]; *People v Valentino*, 10 AD3d 800, 801 [2004]).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.