■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA ROBETOY, Appellant. [801 NYS2d 638]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 14, 2003 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant waived indictment and agreed to be prosecuted by superior court information charging her with attempted criminal possession of a forged instrument in the second degree. Defendant, waiving her right to appeal, pleaded guilty as charged and was sentenced as a second felony offender in accordance with the plea agreement to a sentence of 1½ to 3 years to run concurrently with a 10-year sentence from another county. This appeal ensued.

Although not precluded by her waiver of the right to appeal, defendant nevertheless has failed to preserve for our review the validity of the plea inasmuch as she failed to move to withdraw her plea or vacate the judgment of conviction (*see People v Threatt*, 16 AD3d 706 [2005]; *People v Moore*, 8 AD3d 750 [2004]; *People v Perry*, 4 AD3d 618, 619 [2004], *lv denied* 2 NY3d 804 [2004]). In any event, our review of the plea colloquy reveals that defendant entered a knowing, voluntary and intelligent plea (*see People v Kemp*, 10 AD3d 811 [2004], *lv denied* 4 NY3d 765 [2005]). Before pleading guilty, defendant acknowledged that she understood the consequences of the plea and the rights she was relinquishing. She also confirmed that she had enough time to speak with her attorney and was satisfied with the representation provided. Affirming that she was entering into the plea freely and voluntarily, defendant then admitted committing the crime charged, explaining how the crime was perpetrated. "[D]efendant's affirmative responses to County Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Mondore*, 18 AD3d 961, 962 [2005]).

Finally, defendant's challenge to the severity of her sentence will not be reviewed inasmuch as she knowingly, voluntarily and intelligently entered both the plea and waiver of the right to appeal (*see People v Rogers*, 15 AD3d 682 [2005]; *People v Clow*, 10 AD3d 803 [2004]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.