■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN BRAMER, Appellant. [809 NYS2d 298]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 20, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the second degree.

Defendant signed a written waiver of indictment and pleaded guilty to the sole charge contained in a superior court information of attempted criminal sexual act in the second degree and waived his right to appeal. He was thereafter sentenced, in accordance with the negotiated plea agreement, to a prison term of 2 to 4 years. Defendant now appeals and we affirm.

Defendant's challenge to the factual sufficiency of his plea is unpreserved and is precluded by the valid and enforceable waiver of his right to appeal (*see People v Nesbitt*, 23 AD3d 836,

837 [2005]; *People v Tausinger,* 21 AD3d 1181, 1182 [2005]; *People v Bethea,* 19 AD3d 813, 814 [2005]; *People v Threatt,* 16 AD3d 706, 707 [2005]). Moreover, contrary to defendant's claims, he made no statements during the plea colloquy which negated an essential element of the crime or cast any doubt upon his guilt or the voluntariness of his plea so as to compel an inquiry by the trial court beyond that conducted, which we find was sufficient to establish that defendant's guilty plea and appeal waiver were knowing, voluntary and intelligent, and properly accepted (*see People v Seaberg,* 74 NY2d 1 [1989]; *People v Lopez,* 71 NY2d 662, 666-667 [1988]; *People v Bethea, supra* at 814; *see also People v Seeber,* 4 NY3d 780, 781 [2005]). A guilty plea neither requires a defendant to recite every element of the crime nor a "factual exposition for each element of the pleaded-to offense" (*People v Seeber, supra* at 781; *see People v Lopez, supra* at 666 n 2; *People v Threatt, supra* at 707). Defendant, in fact, admitted making sexually explicit remarks and offers to his victim and trying to entice the young man—who was less than 15 years of age—into an alley to engage in that activity, establishing his attempt to engage in the proscribed sexual conduct (*see* Penal Law §§ 110.00, 130.00 [2]; § 130.45 [1]). Defendant's remaining claims are similarly foreclosed by his appeal waiver and devoid of any merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.