■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAIN, Appellant. [815 NYS2d 760]—Rose, J. Appeals from two judgments of the Supreme Court (Lamont, J.), rendered January 15, 2004 in Albany County, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the third degree and attempted assault in the second degree.

In February 2003, defendant was charged in a multicount indictment with criminal possession of a weapon in the third degree after a loaded firearm was found in his apartment following his arrest on a parole violation warrant. In June 2003, defendant was charged in another indictment with assault in the second degree and resisting arrest arising from a separate incident when he injured a police officer who was attempting to arrest him. Defendant subsequently pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the third degree in full satisfaction of the first indictment and a reduced charge of attempted assault in the second degree on the second indictment, and waived his right to appeal. As agreed in the plea negotiation, defendant was sentenced as a second felony offender to 3½ years in prison with five years of postrelease supervision on the first indictment and 1½ to 3 years in prison on the second indictment, with the sentences to run consecutively.

Initially, we note that defendant did not move to withdraw his pleas or vacate the judgments of conviction, thereby rendering his challenge to the voluntariness of the pleas unpreserved for

our review (*see People v Barnhill*, 23 AD3d 849, 849 [2005]; *People v Bethea*, 19 AD3d 813, 814 [2005]). Were we to review the issue in the interest of justice, the plea minutes reveal that defendant acknowledged in response to County Court's questions that he fully understood the consequences of entering the pleas, was satisfied with the services of his counsel, had not been coerced and admitted unequivocally to acts satisfying each element of the crimes to which he was pleading guilty. Thus, we would find his pleas to be knowingly, voluntarily and intelligently made (*see People v Bennett*, 24 AD3d 975, 975 [2005]; *People v Cain*, 24 AD3d 889, 890 [2005]; *People v Nesbitt*, 23 AD3d 836, 837 [2005]).

Defendant's contention that he was deprived of the effective assistance of counsel is also unpreserved (*see People v Gibson*, 21 AD3d 577, 578 [2005]; *People v Flood*, 16 AD3d 772, 772 [2005], *lv denied* 5 NY3d 788 [2005]). In any event, we would find that defendant's second counsel provided meaningful representation by negotiating an advantageous, comprehensive plea bargain that minimized defendant's sentencing exposure (*see People v Frierson*, 21 AD3d 1211, 1212 [2005]; *People v King*, 20 AD3d 580, 581 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Smith*, 248 AD2d 891, 892 [1998], *lv denied* 92 NY2d 906 [1998]).

Lastly, we decline to review defendant's challenge to the agreed-upon sentences, given that he made a knowing and voluntary waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgments are affirmed.