(May 18, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY CAIN, Appellant. [814 NYS2d 417]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 27, 2002, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

Defendant was charged by indictment with attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree in connection with an incident that occurred in the City of Albany wherein defendant shot another man in the legs. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted assault in the first degree in full satisfaction of the indictment, with the understanding that he would be sentenced to eight years in prison followed by five years of postrelease supervision. As part of his guilty plea, defendant agreed to waive his right to appeal. County Court thereafter sentenced defendant as agreed and defendant now appeals.

Initially, defendant argues that his waiver of the right to appeal was not valid because County Court's inquiry into his understanding of the waiver was deficient. We agree. During the plea colloquy, County Court enumerated several rights that defendant was relinquishing by pleading guilty and concomitantly inquired whether he understood that he also "[gave] up [his] right to appeal this process we're now going through." In so doing, the court failed to adequately distinguish defendant's waiver of the right to appeal from those rights which are automatically forfeited upon a plea of guilty (see People v Lopez, 6 NY3d 248, 256-257 [2006]).

In light of defendant's invalid waiver of the right to appeal, we now review his arguments concerning the severity of the sentence imposed and the effectiveness of counsel. Defendant was sentenced, in accordance with the plea agreement, to a term of imprisonment which falls within the permissible statutory range and, given the violent nature of defendant's underlying conduct, the record does not reveal any abuse of discretion or extraordinary circumstances warranting reduction (see People

*v Higgins,* 19 AD3d 877, 877 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Archangel,* 272 AD2d 686, 686 [2000]). Likewise, the record indicates that counsel negotiated an advantageous plea on behalf of defendant and there is nothing in the record which casts doubt upon the apparent effectiveness of counsel (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Scott,* 12 AD3d 716, 717 [2004]). We, therefore, find defendant's present argument that counsel was ineffective because he "failed to . . . resist" the imposition of an excessive sentence to be meritless.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.