■ The People of the State of New York, Respondent, v Arthur Wagoner, Appellant. [815 NYS2d 784]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered June 30, 2004, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to attempted robbery in the first degree and waived his right to appeal. He was thereafter sentenced in accordance with the negotiated plea agreement to five years in prison. Defendant now appeals.

Defendant's challenge to the voluntariness of his guilty plea, although not encompassed by his waiver of appeal, has not been preserved for our review given that he failed to move to withdraw his plea or vacate the judgment of conviction (see People v Booth, 23 AD3d 766, 767 [2005]; People v Blair, 21 AD3d 1216, 1217 [2005]). Moreover, the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not offer any statements during the plea colloquy which cast doubt upon his guilt or otherwise tended to negate a material element of the crime to which he pleaded guilty (see People v Bethea, 19 AD3d 813, 814 [2005]; People v Guishard, 15 AD3d 731, 732 [2005], lv denied 5 NY3d 789 [2005]). In any event, the plea colloquy reflects that defendant was informed of his rights, had consulted with counsel and entered the plea knowingly and voluntarily. He admitted that he entered a convenience store, threatened the cashier and told her he had a gun and left with the money from the cash register. Nothing in defendant's detailed factual allocution triggered a duty by County Court to make further inquiry prior to accepting the plea (see People v Lopez, 71 NY2d 662, 667 [1988]; People v Evans, 27 AD3d 905, 907 [2006]; People v Van Bramer, 26 AD3d 672, 673 [2006]).

Defendant contends, nevertheless, that because he subsequently stated at sentencing—89 days later—that he had been smoking crack cocaine prior to the robbery, County Court had an obligation to inquire about his understanding and waiver of a possible intoxication defense at that point (see People v Klein, 26 AD3d 530, 531 [2006]). Certainly, prior to accepting a plea, "[t]he general rule is that 'where the defendant's assertions

. . . raise the possibility of a defense, the trial court is obligated to conduct further inquiry' to ascertain whether the defendant's waiver of this potential defense was a knowing one" (*People v Braman,* 136 AD2d 382, 384 [1988], *lv denied* 72 NY2d 911 [1988], quoting *People v Quiles,* 72 AD2d 610, 610 [1979]; *see People v Wolcott,* 27 AD3d 774, 775 [2006]). Further, when a defendant makes statements at sentencing which raise valid questions regarding the defendant's guilt or the voluntariness of his or her plea, "the court should be quick to offer the defendant an opportunity to withdraw his [or her] plea and at the very least conduct a hearing" (*People v Nixon,* 21 NY2d 338, 355 [1967], *cert denied* 393 US 1067 [1969]). On the other hand, here defendant never moved to withdraw his plea and, even if he had, ultimately the decision to permit withdrawal of a guilty plea rests within the discretion of the trial court and, " '[g]enerally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Lerario,* 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004], quoting *People v Davis,* 250 AD2d 939, 940 [1998]).

In our view, defendant's statement at sentencing regarding his troubles—including his cocaine addiction, homelessness and joblessness—constituted no more than an explanation of his motive to steal, rather than a protestation of innocence. Significantly, defendant exhibited his capacity to recollect the details of his crime both in his statement to police following the robbery and during the plea colloquy, and nothing in the record suggests that he did not know what he was doing at the time of the crime or otherwise casts any doubt about his admitted guilt. Under these circumstances, we conclude that County Court had no duty to make further inquiry, conduct a hearing, or sua sponte offer defendant an opportunity to withdraw his plea prior to sentencing defendant in accordance with the plea agreement (*see People v Mahar,* 12 AD3d 715, 716 [2004]; *People v Beach,* 306 AD2d 753, 754 [2003]; *People v Keyes,* 300 AD2d 909, 909-910 [2002]; *People v Jaworski,* 296 AD2d 597, 598 [2002]; *cf. People v Osgood,* 254 AD2d 571, 572 [1998]; *People v Maldonado,* 254 AD2d 574, 574 [1998]; *People v Jenkins,* 72 AD2d 876, 876 [1979]).

Finally, in light of defendant's knowing, voluntary and intelligent guilty plea and appeal waiver, his challenge to the severity of his negotiated sentence is precluded as he has waived his right to invoke our interest of justice jurisdiction (*see People v Lopez,* 6 NY3d 248, 255-256 [2006]; *People v Clow,* 10 AD3d 803, 804-805 [2004]).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.