■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NASON, Appellant. [819 NYS2d 790]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 21, 2005, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

Defendant pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the third degree in satisfaction of a two-count indictment. In accordance with the plea agreement, County Court sentenced defendant to 2½ years in prison followed by 1½ years of postrelease supervision. Defendant now appeals claiming that his sentence was harsh and excessive, his plea was not voluntary and he received ineffective assistance of counsel.

The People argue that the plea bargain included a waiver by defendant of his right to appeal and, thus, that he is precluded from challenging the agreed-upon sentence as harsh and excessive (*see People v Lopez*, 6 NY3d 248, 253 [2006]). We agree. While there is no particular prescribed litany that must be set forth to establish a valid waiver of the right to appeal, the record of the plea as a whole must nevertheless reveal that defendant understood that a separate and distinct right was being relinquished (*see id.* at 256-257). Here, at the commencement of the plea, County Court recited the terms of the plea, and then the prosecutor interjected that defendant must also waive his right to appeal as part of the bargain. The court inquired of defense counsel, who conferred with defendant, and then both stated on the record their agreement to those terms. At subsequent points in the plea colloquy, defense counsel stated that he had explained the waiver of the right to appeal to defendant and, thereafter, when asked by the court whether he was "giv[ing] up [his] right to appeal," defendant responded, "Yes sir." Although not reflecting the preferred way to effectively elicit a waiver of the right to appeal (*see id.* at 257), the record as a whole is sufficient to reveal a knowing and intelligent waiver of that right (*see id.*; *see also People v Seaberg*, 74 NY2d 1, 11 [1989]; *compare People v Cain*, 29 AD3d 1157, 1157-1158 [2006]; *People v Popson*, 28 AD3d 870, 871 [2006]).

Defendant failed to preserve for our review his arguments regarding the voluntariness of his plea and effectiveness of his counsel (*see People v Cain*, 29 AD3d 1032, 1032-1033 [2006]) and, in any event, our interest of justice review of such issues reveals both to be without merit.

Carpinello, Mugglin and Kane, JJ., concur.

Crew III, J.P. (concurring). On constraint of the holding in *People v Lopez* (6 NY3d 248 [2006]), I respectfully disagree with the majority's conclusion that defendant waived his right to appeal. In *Lopez*, the Court of Appeals held that "[t]he record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*id.* at 256). As pointed out by

the majority, here, at the commencement of the plea proceedings, County Court recited the terms of the plea agreement and the prosecutor added that defendant also must waive his right to appeal. Defense counsel then acknowledged that that was his understanding. The court then began its colloquy describing the litany of rights that defendant was relinquishing by way of his plea. The court ended the panoply of rights relinquished as follows:

"The Court: Now, as part of this plea process you give up several things. You give up your right to have me consider any motions that your attorney has made or could have made on your behalf. Do you understand that?

"Defendant: Yes, sir.

"The Court: You give up your right to any pretrial hearings to which you would otherwise be entitled. Do you understand that?

"Defendant: Yes, sir.

"The Court: And you give up your right to appeal this process we are now going through. Do you understand that?

"Defendant: Yes, sir."

Frankly, I cannot be sure that defendant appreciated the discreet rights being relinquished by the waiver of appeal, as opposed to those rights forfeited by his plea (see People v Trotter, 28 AD3d 947 [2006]; People v Barton, 28 AD3d 943 [2006]; People v Popson, 28 AD3d 870 [2006]).* Accordingly, I would reach the issues raised by defendant on appeal.

Defendant's assertion that his guilty plea was not voluntary, knowing and intelligent is unpreserved for this Court's review by reason of his failure to move to withdraw the plea or vacate the judgment of conviction (see People v Threatt, 16 AD3d 706, 707 [2005]) and, in any event, were I to consider defendant's argument on this point, I would find it to be wholly without merit. Likewise, I find nothing in the record that casts doubt upon counsel's effectiveness on behalf of defendant. Moreover, most of defendant's complaints concerning counsel involve matter dehors the record, which should be addressed by way of a CPL article 440 motion. Finally, the record reveals no extraordinary circumstances that would warrant modification of defendant's sentence and, accordingly, I would affirm the judgment of conviction for these reasons.

---

* While I appreciate that defense counsel told County Court that he had explained the waiver of the right to appeal to defendant, we have no way of knowing what that explanation entailed. For all we know, it could have been the same as that proffered by the court.

Ordered that the judgment is affirmed.