■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MEANS, Appellant. [824 NYS2d 821]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Cortese, J.), rendered October 3, 2005, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, robbery in the first degree (two counts) and assault in the first degree (three counts).

In September 2004, defendant entered the Greyhound Bus Terminal in the City of Schenectady, Schenectady County where he observed a clerk placing money in a drawer. He demanded the money from her and, when she refused, he slashed her throat and hand with a razor, took the money and fled. During the ensuing investigation, the police showed photographic arrays to five witnesses—including the victim—all of whom selected defendant's photograph as depicting the person who committed these crimes. Defendant was apprehended in New York City in October 2004 and indicted by a grand jury in December 2004 for one count of attempted murder in the second degree, three counts of assault in the first degree and two counts of robbery in the first degree. Following pretrial hearings which addressed defendant's motion to suppress the photographic arrays and the identification procedure, defendant, as part of a plea bargain arrangement, entered a plea of guilty to each count of the indictment and received concurrent prison terms of 17 years for each count. On this appeal, defendant claims that the photo arrays should have been suppressed as unduly suggestive, his plea was involuntary and his sentence is unduly harsh and excessive. Finding no merit to these arguments, we affirm.

A photographic array must contain only photographs of individuals who are of similar age and appearance to the suspect (*see People v Avent*, 29 AD3d 601, 601 [2006]). An array is sup-

pressible as unduly suggestive if particular features of one picture attract the viewer's attention so as to indicate that the police have made a particular selection (*see People v Lee*, 30 AD3d 760, 762 [2006], *lv denied* 7 NY3d 850 [2006]; *People v Davis*, 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]). When the admissibility of the identification evidence is challenged, the People have the initial burden of demonstrating the absence of undue suggestiveness (*see People v McDonald*, 306 AD2d 696, 697 [2003]) and, if they succeed, the burden shifts to the defendant to establish that the array is unduly suggestive (*see People v Conway*, 274 AD2d 663, 664 [2000]). Here, each photographic array contained pictures of young black males of the same general age and appearance. In showing the array to the first four witnesses, the police placed a strip of white tape on the neck of each male depicted because of the presence of a distinctive tattoo on defendant's neck. For reasons not explained in the record, the white tape was not placed on the array when shown to the fifth witness. In our view, County Court properly suppressed only the fifth identification procedure as the People met their burden with respect to the first four and defendant did not. Defendant's arguments that his photo was taken at a slightly closer range than the others and that there are different skin tones do not render these arrays unduly suggestive (*see People v Lind*, 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]).

Defendant's claim that his plea was involuntarily procured has not been preserved for appellate review by either a motion to withdraw the plea or to vacate the judgment of conviction (*see People v Turner*, 27 AD3d 962, 962 [2006]). Were we to reach this claim, we would find it meritless since the record clearly demonstrates that the plea was knowing, voluntary and intelligent (*see People v Cain*, 29 AD3d 1032, 1033 [2006], *lvs denied* 7 NY3d 786 [2006]). Among other matters, during the plea colloquy, defendant indicated that he was fully satisfied with his attorney's services, he fully understood the rights that he was relinquishing by virtue of his plea, and he admitted to each of the elements of the crimes for which he was indicted. In short, we find no record support for his claim that his plea was rushed and that he was coerced by his attorney.

Lastly, we do not find defendant's sentence to be harsh or excessive. His brutal attack on the clerk at the bus station resulted in her vocal chords and neck arteries being severed. For this reason, despite defendant's age and relative lack of

criminal record, we find no abuse of discretion by County Court nor the presence of any extraordinary circumstances which would warrant modification of the sentence (*see People v Moore*, 29 AD3d 1077, 1079 [2006]; *People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]).

Cardona, P.J., Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.