■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. GUTHINGER, Appellant. [826 NYS2d 857]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 18, 2004, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to one count of burglary in the second degree in full satisfaction of a six-count indictment and all other criminal charges pending in Albany County. Pursuant to the plea agreement, which included a waiver of the right to appeal, County Court sentenced defendant as a second felony offender to a prison term of nine years, with five years of postrelease supervision. Defendant now appeals, contending that his plea was involuntary and that the sentence imposed is harsh and excessive.

We affirm. Given defendant's failure to move to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness of the plea is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Walls*, 20 AD3d 774, 775 [2005]). Further, defendant made no statements during the plea colloquy which cast significant doubt upon his guilt or the voluntariness of his plea that would have required an inquiry by County Court beyond that conducted (*see People v Lopez, supra* at 666; *People v Van Bramer*, 26 AD3d 672, 673

[2006], *lv denied* 7 NY3d 764 [2006]). Review of the plea colloquy reflects that defendant was informed of his rights, was satisfied with his legal representation, and entered his plea knowingly and voluntarily (*see People v Threatt*, 16 AD3d 706, 707 [2005]). Defendant admitted that he broke into a dwelling with the intent to commit a crime therein and acknowledged that he had discussed the circumstances of his case, including a possible intoxication defense, with his attorney before entering the plea (*see People v Reid*, 21 AD3d 1215, 1216 [2005]).

Finally, we note that defendant's purported waiver of his right to appeal was invalid due to County Court's failure to adequately distinguish that waiver from those rights that are automatically forfeited upon a plea of guilty (*see People v Cain*, 29 AD3d 1157, 1157 [2006]; *People v Popson*, 28 AD3d 870, 871 [2006]; *cf. People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]). We therefore review his challenge to the severity of his sentence (*see People v Lopez*, 6 NY3d 248, 255-257 [2006]) and find it to be lacking in merit.

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.