■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS LEWIS, Appellant. [833 NYS2d 757]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 20, 2002, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In full satisfaction of a five-count indictment, defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the second degree. A waiver of the right to appeal was recited as a term of the plea, although there is no written waiver. Pursuant to the plea agreement, defendant was sentenced to 6¹/₂ years to life in prison. Previously, this Court rejected an *Anders* brief (29 AD3d 1076 [2006]) and new counsel was assigned, and we now affirm.

Initially, upon our review of the record, we find that defendant's oral waiver of appeal is not enforceable as the plea minutes do not adequately establish that defendant understood that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Guthinger*, 36 AD3d 1075, 1076 [2007]; *People v Trotter*, 28 AD3d 947, 948-949 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Barton*, 28 AD3d 943, 944 [2006]). Also, the record does not reflect that defense counsel explained the appeal waiver to defendant or that defendant expressly waived that right (*see People v Edwards*, 37 AD3d 871 [2007]; *People v Crowley*, 34 AD3d 866, 866-867 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]; *cf. People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]).

Defendant's contention that her guilty plea was not voluntar-

ily, knowingly and intelligently entered has not been preserved for our review, given that she never moved to withdraw her plea or vacate the judgment of conviction (*see People v McEnteggart*, 26 AD3d 643, 643 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Bennett*, 24 AD3d 975, 975 [2005], *lv denied* 6 NY3d 831 [2006]), and her challenge to the effectiveness of her counsel is similarly not preserved (*see People v Coles*, 13 AD3d 665, 666 [2004]). In any event, were we to consider these issues, we would find that the plea minutes reflect that defendant's plea was knowing, voluntary and intelligent. Defendant was advised of her rights and stated on the record that she understood the consequences of the plea, she had ample time to consult with her attorney, and she was satisfied with her attorney's representation (*see People v Robetoy*, 21 AD3d 1220, 1220 [2005], *lv denied* 6 NY3d 758 [2005]; *People v Threatt*, 16 AD3d 706, 707 [2005]; *People v Hill*, 11 AD3d 817, 818 [2004]). Moreover, in negotiating a favorable plea agreement and throughout the proceedings, counsel provided defendant with meaningful representation (*see People v Cain*, 29 AD3d 1032, 1033 [2006], *lv denied* 7 NY3d 786 [2006]).

Reviewing defendant's remaining contentions, she inaccurately argues that County Court erred in denying her request for a *Darden* hearing. In fact, the court in its written decision expressly reserved decision on the request until after the suppression hearing (subject to defendant's renewed request) and defendant never made any renewed request before pleading guilty. Thus, by pleading guilty while the motion was still pending, defendant waived appellate review of that issue (*see People v Atwood*, 9 AD3d 512, 513 [2004]; *People v Deliz*, 172 AD2d 877, 878-879 [1991], *lv denied* 78 NY2d 921 [1991]; *cf.* CPL 470.05 [2]).

In any event, at the suppression hearing, the identity of the informant whose statement supported the warrant application was revealed, thereby obviating the need for an in camera hearing to establish the existence of the informant or to protect her identity (*see People v Edwards*, 95 NY2d 486, 492-494 [2000]; *People v Serrano*, 93 NY2d 73, 77 [1999]). Further, the hearing testimony established that the warrant application sufficiently demonstrated the reliability and basis of knowledge of the informant (*see People v Griminger*, 71 NY2d 635, 639 [1988]), as it was supported by her sworn statement to police—containing admissions against her penal interest (*see People v Walker*, 27 AD3d 899, 900 [2006]), *lv denied* 7 NY3d 764 [2006])—which was corroborated by information gained earlier from two other confidential informants and confirmed by police investigation

(*see People v Collins*, 35 AD3d 896, 897-898 [2006]; *see also People v Bahr*, 35 AD3d 909 [2006]). Thus, probable cause for the warrant was established (*see People v Alston*, 1 AD3d 627, 628-629, [2003], *lv denied* 1 NY3d 594 [2004]; *see also People v Rodriguez*, 52 NY2d 483, 489-490 [1981]).

Finally, finding no abuse of discretion or extraordinary circumstances to warrant modification of the bargained-for sentence, we decline to disturb it in the interest of justice (*see* CPL 470.15 [6] [b]; *see also People v Rutledge*, 282 AD2d 870 [2001]). Defendant's contentions regarding the amendments to the Rockefeller drug laws as they pertain to class A-II felons are appropriately made to the sentencing court (*see* Penal Law § 70.71; *see also People v Syrell*, 31 AD3d 881, 882 [2006]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.