■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK McKENEY, Appellant. [844 NYS2d 516]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered December 7, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant waived indictment by a grand jury and agreed to be prosecuted by a superior court information charging him with the crime of criminal sale of a controlled substance in the fifth degree. Pursuant to a negotiated plea agreement, defendant thereafter pleaded guilty with the understanding that the recommended sentence would be capped at 2 to 6 years in prison. Sentencing was deferred, however, to allow defendant to

participate in a Drug Court program. After defendant twice absconded from Drug Court, he was sentenced to a prison term of 1 to 3 years. Defendant now appeals.

Insofar as defendant waived his right to appeal and failed to move to withdraw his plea or vacate the judgment of conviction, his claim that his guilty plea was not voluntarily made is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Guthinger*, 36 AD3d 1075, 1075 [2007], *lv denied* 8 NY3d 923 [2007]). Furthermore, as there is nothing in the record which casts significant doubt on his guilt or the voluntariness of his plea, no exception to the preservation rule applies (*see People v Wagoner*, 30 AD3d 629, 629 [2006]; *People v Van Bramer*, 26 AD3d 672, 673 [2006], *lv denied* 7 NY3d 764 [2006]). In any event, defendant's contention, that he entered his plea without full knowledge of its consequences and was unaware that violating the Drug Court program would lead to a prison sentence, is belied by the fact that County Court fully advised him of the rights he was relinquishing as a result of his plea and ascertained that he understood those rights and that the Drug Court participation agreement he signed at allocution clearly outlined the ramifications of failing to complete the program. Therefore, we are satisfied that defendant's plea was knowingly, intelligently and voluntarily made (*see People v Escalante*, 16 AD3d 984, 985 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Burdo*, 1 AD3d 793, 794 [2003], *lv denied* 2 NY3d 761 [2004]).

Similarly, defendant's failure to move to withdraw his plea or vacate the judgment rendered his claim of ineffective assistance of counsel as it relates to the knowing and voluntary nature of his plea unpreserved for review (*see People v Baldwin*, 36 AD3d 1024, 1024 [2007]; *People v Fogarty*, 35 AD3d 957, 958 [2006], *lv denied* 8 NY3d 922 [2007]). Inasmuch as defendant's arguments focus on counsel's alleged failure to investigate the circumstances of his case, which lies outside the record, defendant's claims are more properly suited to a CPL article 440 motion (*see People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]). Finally, defendant's challenge to his sentence as harsh and excessive is precluded by his valid waiver of appeal (*see People v Sawyer*, 41 AD3d 1089, 1090 [2007]; *People v Smith*, 37 AD3d 975, 976 [2007]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.