■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. WHITE, Appellant. [849 NYS2d 699]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 3, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty in February 2003 to a reduced count of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. The charge against defendant stemmed from the sale of crack cocaine to a confidential informant in Washington Park in the City of Albany in August 2002. Thereafter, defendant, a second felony offender, was sentenced in accordance with the plea agreement to, among other things, a term of imprisonment of $7^{1}/_{4}$ to $14^{1}/_{2}$ years. Defendant now appeals.

Initially, in light of County Court's failure to adequately distinguish the right to appeal from those rights automatically forfeited upon a plea of guilty, defendant's oral waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Lewis*, 39 AD3d 1025, 1025 [2007]; *People v Guthinger*, 36 AD3d 1075, 1076 [2007], *lv denied* 8 NY3d 923 [2007]; *People v Cain*, 29 AD3d 1157, 1157 [2006]). Accordingly, we will address all issues raised by defendant on appeal, not only those which survive a valid waiver.

Defendant's first contention is that his plea was not knowingly, intelligently and voluntarily made. Notably, while defendant asserts that this issue was properly preserved for our review by means of a previous motion to vacate the judgment of conviction, the purported motion is not contained in the record nor is any decision from County Court on the matter, thus defeating the purpose of the preservation requirement. In any event, were defendant's claim properly before us, we would find it lacking in merit. Upon review of the proceedings resulting in the conviction of defendant upon his plea, we find that defendant's unequivocal affirmative responses to County Court's factual recitation of his crime to be sufficient and he was adequately apprised of and understood his rights and the ramifications of his plea (*see People v Edwards*, 43 AD3d 1227, 1228 [2007]; *People v Lewis*, 39 AD3d at 1026; *People v Guthinger*, 36 AD3d at 1076). To the extent that defendant's claim relates to his counsel's representation, the grounds advanced largely relate to his sentencing and, consequently, did not impact the voluntariness of his plea (*see People v Howard*, 1 AD3d 718, 719 [2003]).

Next, defendant claims that he was denied the effective assistance of counsel. However, upon review of the record—including his sworn statement during his plea colloquy that he was satisfied with counsel's representation—we find nothing that casts doubt upon the effectiveness of defendant's retained counsel (*see People v Williams*, 35 AD3d 971, 973 [2006], *lv denied* 8 NY3d 928 [2007]). We are unpersuaded by defendant's assertion that counsel's failure to move to withdraw his plea on the basis of his claims of innocence and an alibi contained in the presentence investigation report rendered her representation less than meaningful, particularly considering defendant's failure to protest when afforded an opportunity to address County Court prior to pronouncement of his sentence. In sum, we are satisfied that defendant received meaningful representation, especially in light of the favorable plea bargain negotiated by counsel which resulted in defendant pleading to a lower level felony, a negotiated sentence that was less than the maximum permitted and the fact that his plea served to satisfy other uncharged crimes (*see People v Baldwin*, 36 AD3d 1024, 1024-1025 [2007]; *People v Williams*, 35 AD3d at 973; *People v Cain*, 29 AD3d at 1158).

Finally, we have reviewed defendant's claim that his bargained-for sentence was harsh and excessive and find it to be unavailing (*see People v Guthinger*, 36 AD3d at 1076; *People v Cain*, 29 AD3d at 1157-1158).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.