■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEE, Appellant. [857 NYS2d 366]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 14, 2006, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant and another individual allegedly entered a residence in the City of Albany and, armed with a gun, physically assaulted the occupant in an effort to steal money. Defendant was indicted on six felony counts, and thereafter entered into a negotiated deal in which he pleaded guilty to burglary in the second degree (reduced from a charged count of burglary in the first degree) in full satisfaction of all charges. Consistent with the terms of the deal, he received a sentence of eight years in prison with three years of postrelease supervision. Defendant now appeals.

There is merit to defendant's initial contention that his purported waiver of his right to appeal was invalid. The People do not contest this point and review of the plea colloquy reveals that County Court did not "adequately distinguish that waiver from those rights that are automatically forfeited upon a plea of guilty" (*People v Guthinger*, 36 AD3d 1075, 1076 [2007], *lv denied* 8 NY3d 923 [2007]; *see People v Lopez*, 6 NY3d 248, 256 [2006]). Accordingly, defendant's argument that he did not receive the effective assistance of counsel is not limited to the voluntariness of his plea (*see People v White*, 47 AD3d 1062, 1063 [2008], *lv denied* 10 NY3d 818 [2008]; *cf. People v Morgan*, 39 AD3d 889, 890 [2007], *lv denied* 9 NY3d 848 [2007]), and his challenge to the severity of his sentence is properly before us for review (*see People v Guthinger*, 36 AD3d at 1076; *see also People v White*, 47 AD3d at 1063). Nonetheless, we find defendant's arguments on such issues unavailing.

"In the context of a guilty plea, a defendant has been af-

forded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995] [citations omitted]; *see People v Cain*, 29 AD3d 1032, 1033 [2006], *lv denied* 7 NY3d 786 [2006]; *People v Frierson*, 21 AD3d 1211, 1212 [2005], *lv denied* 6 NY3d 753 [2005]). Defendant was charged with six felony counts and his counsel procured an advantageous plea in which he pleaded guilty to a single, reduced charge. A further term of the deal provided that defendant, who had four prior felony convictions, would be treated as a second felony offender rather than a persistent felony offender. The agreed upon sentence was well below his maximum exposure. Defendant indicated at the time of his plea that he was satisfied with the representation he had received. His current argument that further motions should have been pursued before accepting a plea fails to establish that he did not receive the effective assistance of counsel (*see People v Socrates*, 307 AD2d 546, 547 [2003]).

The negotiated sentence that defendant received was less than the permissible maximum and, in light of defendant's criminal history and the violent nature of the current offense, we find neither an abuse of discretion by County Court nor extraordinary circumstances justifying a modification of that sentence (*see People v Masters*, 36 AD3d 959, 960-961 [2007], *lv denied* 8 NY3d 925 [2007]; *People v Gray*, 32 AD3d 1052, 1053 [2006], *lv denied* 7 NY3d 902 [2006]).

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.