■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. WHITE, Appellant. [861 NYS2d 795]—Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 11, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to a reduced count of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. Defendant was subsequently sentenced, as a predicate felon, in accordance with the plea agreement to a term of imprisonment of 6 to 12 years, with the sentence to run concurrent to a previously imposed sentence on another conviction. Defendant now appeals.

As an initial matter, we are not satisfied that defendant validly waived his right to appeal so we have reviewed the merits of defendant's contentions that his plea was involuntary, he received ineffective assistance of counsel and his sentence was harsh and excessive.

As defendant acknowledged during the plea colloquy that he understood the ramifications of his guilty plea and freely admitted to facts which established the elements of the crime, his plea was knowingly, intelligently and voluntarily entered (*see People v Means*, 35 AD3d 975, 976 [2006], *lv denied* 8 NY3d 948 [2007]). Defendant's argument that, on the basis of his claims of innocence contained in the presentence report, counsel's failure to either withdraw his guilty plea or raise the issue at sentencing rendered her representation less than meaningful, must also be rejected. Considering that defendant failed to raise this issue prior to sentencing and noting the advantageous plea agreement counsel negotiated, in which his sentence would run concurrent to a sentence for a previous conviction, we find that he received meaningful representation (*see People v White*, 47 AD3d 1062, 1064 [2008], *lv denied* 10 NY3d 818 [2008]; *People v Edwards*, 43 AD3d 1227, 1228 [2007], *lv denied* 9 NY3d 1005 [2007]).

Finally, defendant's claim that his sentence was harsh and excessive is unavailing in light of the advantageous plea agreement which included a concurrent sentence.

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.