■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH COLLINS, Appellant. [861 NYS2d 533]—

Peters, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered January 18, 2007, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In the course of an investigation regarding sexual abuse of a male child, defendant agreed to submit to a polygraph examination, during which he admitted to engaging in sexual contact with an eight-year-old girl. Defendant was thereafter charged with sexual abuse in the first degree and endangering the welfare of a child. Following a hearing, County Court denied defendant's motion to suppress his oral statements. Thereafter,

he pleaded guilty to sexual abuse in the first degree in satisfaction of the indictment, waived his right to appeal and signed a written waiver. He was thereafter sentenced, in accordance with the plea agreement, to four years in prison and three years of postrelease supervision. Defendant now appeals, arguing that his waiver of the right to appeal was invalid because County Court's inquiry into his understanding of the waiver was deficient. We disagree.

At the outset of the plea proceeding, the prosecutor recited all of the plea terms, including the appeal waiver, defense counsel confirmed that those were the negotiated terms and defendant affirmed his understanding of the agreement. County Court then advised defendant of the rights he was automatically forfeiting by pleading guilty and the consequences thereof, and defendant verbalized his understanding. At sentencing, defendant assented to and executed, before the court, a written appeal waiver which stated that he was knowingly and voluntarily waiving his right to appeal from "any and all aspects" of the case and that his attorney had counseled him on the matter (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Buchanan*, 18 AD3d 1019, 1020 [2005], *lv denied* 5 NY3d 804 [2005]). County Court explained to defendant that, although he would normally retain the right to an appeal after pleading guilty, he was giving up that right by signing the written appeal waiver. Defendant then reaffirmed that he had reviewed the written waiver with counsel prior to signing it and twice confirmed that he understood the nature of the right he was waiving and the consequences of the waiver. As such, the record as a whole sufficiently demonstrates a knowing and intelligent waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Mosher*, 45 AD3d 970, 970 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]; *compare People v Cain*, 29 AD3d 1157, 1157 [2006]; *People v Popson*, 28 AD3d 870, 871 [2006]; *People v Evans*, 27 AD3d 905, 905-906 [2006], *lv denied* 6 NY3d 847 [2006]). Given defendant's valid appeal waiver, he is foreclosed from now challenging the denial of his suppression motion as well as the severity of the agreed-upon sentence (*see People v Lopez*, 6 NY3d at 256; *People v Kemp*, 94 NY2d at 833; *People v Ware*, 34 AD3d 860, 860 [2006], *lv denied* 8 NY3d 951 [2007]; *People v Buchanan*, 18 AD3d at 1020).

Cardona, P.J., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.