■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. JESKE, Appellant. [865 NYS2d 750]—

Peters, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 8, 2007, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree.

In accordance with a negotiated plea agreement, defendant pleaded guilty to one count of criminal sexual act in the second degree,* waived his right to appeal and was sentenced to 1 to 3 years in prison. He appeals, and we affirm.

Despite defendant's protestations to the contrary, we find that he knowingly, voluntarily and intelligently waived his right to appeal. The plea minutes reflect that County Court explained the significance of the appeal waiver to defendant and confirmed that he had discussed the matter with counsel. Defendant also

---

* This crime was previously known as sodomy in the second degree (*see* L 2003, ch 264, § 19).

executed a detailed written appeal waiver in open court, which explained the appellate process, reflected that counsel had fully advised him of the consequences of the waiver and stated that he was waiving his right to appeal voluntarily (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lewis*, 48 AD3d 880, 881 [2008]; *People v Fludd*, 33 AD3d 1124, 1125 [2006], *lv denied* 9 NY3d 843 [2007]).

Defendant's challenge to the voluntariness of his guilty plea, although not encompassed by his waiver of appeal, is not preserved for our review given his failure to move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Vallance*, 49 AD3d 917, 917 [2008], *lv denied* 10 NY3d 845 [2008]; *People v Crudup*, 45 AD3d 1111, 1111 [2007]). Furthermore, the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements during the plea allocution that cast significant doubt upon his guilt or the voluntariness of his plea (*see People v Corbett*, 52 AD3d 1023, 1024 [2008]; *People v McKeney*, 45 AD3d 974, 975 [2007]). Rather, upon our review of the allocution, we are satisfied that defendant's plea was knowing, voluntary and intelligent (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY2d 963 [2008]; *People v White*, 47 AD3d 1062, 1063 [2008], *lv denied* 10 NY3d 818 [2008]; *People v Wagoner*, 30 AD3d 629, 629 [2006]).

Defendant's next contention, that he was denied the effective assistance of counsel, "is precluded by his valid appeal waiver except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea and, to that extent, the absence of a motion to withdraw the plea or vacate the judgment of conviction renders the matter unpreserved" (*People v Crudup*, 45 AD3d at 1111). In any event, we are unpersuaded by defendant's argument that counsel's failure to move to withdraw his plea on the basis of his claims of innocence contained in the presentence investigation report rendered counsel's representation less than meaningful. Defendant failed to protest his innocence at sentencing when afforded the opportunity to address County Court and, given his statements that he was satisfied with counsel's services and the advantageous plea agreement negotiated by counsel that greatly reduced his sentencing exposure, we find that defendant was provided meaningful representation (*see People v White*, 52 AD3d 950, 951 [2008], *lv denied* 11 NY3d 742 [2008]; *People v White*, 47 AD3d at 1064).

Finally, defendant's claim that his sentence is harsh and excessive is foreclosed by his valid waiver of appeal (*see People v*

*Nickell*, 49 AD3d 1024, 1025 [2008]; *People v Bunce*, 45 AD3d 982, 985 [2007], *lv denied* 10 NY3d 809 [2008]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

