People v Allevato (2019 NY Slip Op 01676)





People v Allevato


2019 NY Slip Op 01676


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

108705

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL F. ALLEVATO, Appellant.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals (1) from a judgment of the County Court of Otsego County (Burns, J.), rendered July 22, 2016, convicting defendant upon his plea of guilty of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered May 5, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a three-count indictment, defendant pleaded guilty to rape in the first degree. Consistent with the terms of the plea agreement, defendant was sentenced to a prison term of eight years, to be followed by 10 years of postrelease supervision. Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he received the ineffective assistance of counsel. The motion was denied by County Court without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
As an initial matter, we agree with defendant that his waiver of the right to appeal was invalid. County Court's brief statements to defendant failed to adequately explain the right to appeal, nor does the record indicate that the court "ensure[d] that defendant grasped the minimal information pertaining to the appeal waiver it provided during the plea colloquy" (People v Bradshaw, 18 NY3d 257, 265 [2011]; see People v Mallard, 163 AD3d 1350, 1350-1351 [2018], lv denied 32 NY3d 1066 [2018]; People v Lewis, 138 AD3d 1346, 1347 [2016], lv denied 28 NY3d 1073 [2016]; People v Davis, 136 AD3d 1220, 1221 [2016], lv denied 27 NY3d 1068 [2016]; People v Pope, 129 AD3d 1389, 1389-1390 [2015]). Furthermore, defendant did not execute a written waiver of appeal until sentencing, and the court never confirmed at that time whether defendant understood the contents thereof (see People v White, 163 AD3d 1358, 1358 [2018], lvs denied 32 NY3d 1002, 1009 [2018]; People v Braye, 161 AD3d 1456, 1457 [2018]; People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Metayeo, 155 AD3d 1239, 1240 [*2][2017]; People v Pope, 129 AD3d at 1389-1390). That said, although defendant is not foreclosed from challenging the severity of his sentence, we discern no abuse of discretion or extraordinary circumstances warranting a modification in the interest of justice (see People v Thompson, 157 AD3d at 1142; People v Ero, 139 AD3d 1248, 1250 [2016], lv denied 28 NY3d 929 [2016]).
In the absence of a motion to withdraw his plea, defendant's challenge to the voluntariness of his plea was not preserved in his direct appeal (see People v Lewis, 138 AD3d at 1347; People v Lang, 127 AD3d 1253, 1255 [2015]). For similar reasons, defendant's claim that his plea was invalid due to the ineffective assistance of counsel is unpreserved (see People v Brewer, 155 AD3d 1447, 1449 [2017]). We further conclude that the narrow exception to the preservation requirement does not apply (see People v Tamah, 133 AD3d 923, 924 [2015]). In this regard, the record reflects that when County Court asked defendant whether he had engaged in sexual intercourse with a person less than 13 years old, he responded, "Yep. What am I supposed to say? Forced into this." The court, however, explicitly stated to defendant in response to this comment, "I'm sorry, . . . I didn't catch that." Defense counsel then requested a moment to speak with defendant. After defendant spoke with his counsel, the court then inquired of defendant, "[W]as there something else you wanted to say to me?" Defendant responded, "Nope." Under these particular circumstances, where the court did not hear defendant's comment and defendant did not reiterate it after being presented with an opportunity to do so, we cannot say that the court should have made a further inquiry to ensure that the plea was being made knowingly and voluntarily.
As to defendant's CPL 440.10 motion, defendant failed to demonstrate that "the nonrecord facts sought to be established are material and would entitle him to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]; see People v Jones, 161 AD3d 1311, 1313-1314 [2018], lv denied 31 NY3d 1118 [2018]). Furthermore, defense counsel secured a favorable plea for defendant, who noted at the time of the plea that he was satisfied with counsel's representation of him, and nothing in the record casts doubt upon counsel's effectiveness (see People v Cooper, 126 AD3d 1046, 1047-1048 [2015], lv denied 26 NY3d 966 [2015]; People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014]; People v Lee, 51 AD3d 1217, 1218 [2008]; People v White, 47 AD3d 1062, 1064 [2008], lv denied 10 NY3d 818 [2008]; People v Vinals, 2 AD3d 1210, 1211 [2003]). Accordingly, defendant's motion was properly denied without a hearing (see People v Pecararo, 83 AD3d 1284, 1286-1287 [2011], lv denied 17 NY3d 820 [2011]). Defendant's remaining arguments have been considered and are without merit.
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment and order are affirmed.