■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BROOKS, Appellant. [728 NYS2d 195] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 16, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In December 1998, following his arrest on several drug-related charges, defendant entered a plea of guilty of criminal possession of a controlled substance in the fifth degree with the understanding that he would be sentenced to time served and a five-year term of probation. Pursuant to the plea bargain, defendant agreed to enter a drug treatment facility, and County Court warned him that if he left the program prior to sentencing, he could be sentenced to the maximum term of 2⅓ to 7 years in prison. Nevertheless, defendant left the program, failed to appear on the date scheduled for sentencing and, in August 1999, was arrested in New York County on a number of serious charges. In satisfaction of those charges, he ultimately entered a plea of guilty of robbery in the first degree and was sentenced to a five-year determinate prison term. While serving that term, he was returned to County Court in March 2000 for sentencing and the court imposed the 2⅓ to 7-year maximum term consecutive to the determinate term. Defendant appeals.

Citing his age of 20 and lack of a criminal record when he committed the instant offense, defendant contends that the sentence was harsh and excessive. We disagree. Despite defendant's youth and lack of criminal record, the presentence report reveals that defendant admitted to having been barred from one high school as a troublemaker, never having been employed and having supported a lifestyle that included marihuana use and alcohol abuse by selling drugs. In addition, defendant's youth and lack of a criminal record were taken into account when he was accorded a substantial measure of leniency by County Court's agreement to the probationary term of the plea bargain. Defendant clearly was warned that his receipt of this leniency was conditional and that he faced the maximum term in prison if he left the drug treatment program

prior to sentencing. Defendant subsequently not only left the drug treatment program and failed to appear for sentencing, but also engaged in additional serious criminal activity that resulted in a prison term. We see no abuse of discretion in the sentence imposed, and the record contains no mitigating factors that would warrant a sentence any less harsh than that imposed. Nor is there anything in the record to demonstrate that defendant should have been accorded the benefit of concurrent sentencing (*see, People v McManus*, 124 AD2d 305). In these circumstances, we also reject defendant's claim that he was denied the effective assistance of counsel at sentencing by counsel's failure to emphasize defendant's youth and lack of a prior criminal record.

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.