■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDY K. GRIFFIN, Appellant. [937 NYS2d 468]—

Defendant's sole contention on appeal is that her sentence is harsh and excessive insofar as County Court directed that the sentence run consecutively to the sentence previously imposed for driving while intoxicated. We find this argument to be unpersuasive. Although defendant was given many opportunities to address her substance abuse problems, she repeatedly failed to comply with the terms of the treatment program and failed to appear in court even after a warrant was issued for her arrest. Moreover, she fully knew that the court could impose a term of imprisonment that it deemed proper in the event that she did not successfully complete the program, and the disposition of the driving while intoxicated charge was a separate matter and not part of the plea agreement. In view of the foregoing, among other things, the imposition of a consecutive sentence was entirely appropriate (*see People v Reynoso*, 11 AD3d 719, 720 [2004]), and we find no extraordinary circumstances nor

any abuse of discretion warranting a modification of the sentence in the interest of justice (*see People v Mason*, 2 AD3d 1207, 1207 [2003]; *People v Brooks*, 283 AD2d 776, 776-777 [2001], *lv denied* 96 NY2d 916 [2001]).

Mercure, A.P.J., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.