People v Crispell (2022 NY Slip Op 01843)





People v Crispell


2022 NY Slip Op 01843


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

110682
[*1]The People of the State of New York, Respondent,
v
Melissa K. Crispell, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Tracy A. Donovan Laughlin, Oneonta, for appellant, and appellant pro se.
Michael D. Ferrarese, District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



Lynch, J.P.
Appeal from a judgment of the County Court of Chenango County (Revoir Jr., J.), rendered June 1, 2018, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.
In 2016, defendant was charged in a five-count indictment stemming from her participation with a codefendant in a robbery that resulted in the violent death of the victim and the theft of his personal property.[FN1] In satisfaction of the indictment, defendant pleaded guilty to robbery in the first degree, purported to waive her right to appeal and agreed to cooperate in the prosecution of her codefendant in exchange for a determinate prison sentence between 15 and 25 years and five years of postrelease supervision. County Court, having thereafter found that defendant had so cooperated, sentenced her pursuant to the terms of the plea agreement to 15 years in prison, followed by five years of postrelease supervision. Defendant appeals.
Initially, as the People concede, we find that defendant's appeal waiver is invalid. The record reflects that County Court failed to explain the separate and distinct nature of the appeal waiver to defendant, and the court's terse inquiry, wherein defendant was asked, "Do you understand that as part of this disposition, you're agreeing to waive your right to appeal" and that "normally . . . you have the right to appeal your plea and your sentence," was insufficient to ensure that defendant appreciated the nature and consequences of the rights that she was relinquishing (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Allevato, 170 AD3d 1264, 1265 [2019], lv denied 34 NY3d 949 [2019]; People v Pope, 129 AD3d 1389, 1389-1390 [2015]). Further, despite defendant's execution of a more detailed written waiver, such was executed after she was sentenced and more than a year after the plea was entered (see People v Thompson, 157 AD3d 1141, 1141 [2018]). Under these circumstances, we find that defendant did not knowingly and intelligently waive her right to appeal (see People v Thomas, 34 NY3d at 560; People v Mallard, 163 AD3d 1350, 1350-1351 [2018], lv denied 32 NY3d 1066 [2018]; compare People v Koontz, 166 AD3d 1215, 1216-1217 [2018], lv denied 32 NY3d 1206 [2019]).
Next, defendant contends in her pro se supplemental brief that she was denied the effective assistance of trial counsel at various times, including during her plea. To the extent that defendant's pro se challenge in this regard can be interpreted to allege that her plea was not voluntarily and knowingly entered, this claim is unpreserved as the record fails to disclose that defendant made a postallocution motion to withdraw her plea, and nothing was said during the plea colloquy to trigger the narrow exception to the preservation requirement (see People v Mosher, 191 AD3d 1170, 1171 [2021], lv denied 37 NY3d 959 [2021]; People v Williams, 171 AD3d 1354, 1355 [2019]). In any event, the record further reflects that, at the time of the plea colloquy, County [*2]Court engaged in an extensive discussion of the plea agreement and defendant assured the court of her understanding and approval thereof, as well as her satisfaction with her counsel's representation. Similarly without merit is defendant's further claim that her counsel's failure to challenge the prosecutor's follow-up questioning during her plea constitutes ineffective assistance, as questions that are leading in nature are permissible during the plea allocution (see People v Booth, 23 AD3d 766, 767 [2005], lvs denied 6 NY3d 846, 849 [2006]).
As to defendant's challenge to her sentence, although not precluded in light of her invalid appeal waiver, we are unpersuaded that a reduction is warranted based upon her limited criminal history and alleged history as a victim of domestic violence. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Miller, 160 AD3d 1040, 1044 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 939 [2018]). County Court imposed a sentence at the lowest end of the agreed-upon range, which was also well below the statutory maximum possible (see Penal Law § 70.02 [3] [a]). Although defendant alluded to her domestic violence history in her statement to the court at sentencing, she failed to indicate whether or how such history had any impact upon her participation in the instant offense. To the extent that defendant asserts that she is entitled to a reduced sentence as a victim of domestic violence pursuant to CPL 440.47, the record does not reflect that she made the appropriate application for resentencing for such treatment and, thus, this issue is not properly before us (see CPL 440.47 [1] [a], [d]; [2] [d]; Penal Law § 60.12; People v LaRose, 192 AD3d 1265, 1265 [2021]). In view of the foregoing, and in light of the extremely violent nature of this crime, we find neither extraordinary circumstances nor an abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Kinchoy, 186 AD3d 1838, 1840 [2020], lv denied 36 NY3d 973 [2020]; People v Stone, 164 AD3d 1577, 1578 [2018]; People v Morrow, 163 AD3d 1265, 1266 [2018]; People v Rettig, 307 AD2d 473, 473 [2003]).
Contrary to defendant's pro se claim, defense counsel was not ineffective for failing to seek a sentence lower than that agreed upon as part of the plea; in fact, the record reflects that her counsel successfully negotiated an advantageous plea deal that disposed of four out of five counts of the indictment, including two counts of murder in the second degree, and secured a sentence far below the maximum on the remaining charge (see People v Russell, 143 AD3d 1188, 1190 [2016]; People v White, 47 AD3d 1062, 1064 [2008], lv denied 10 NY3d 818 [2008]; People v Brooks, 283 AD2d 776, 777 [2001], lv denied 96 NY2d 916 [2001]).
Finally, defendant's pro se ineffective assistance claims based upon allegations concerning events outside the record are more properly the subject of a CPL article 440 motion (see People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]). Likewise, her pro se claim that she received the ineffective assistance of appellate counsel is not properly before us on direct appeal (see People v Pendell, 164 AD3d 1063, 1071-1072 [2018], affd 33 NY3d 972 [2019]). We have reviewed defendant's remaining claims and found them to be without merit.
Clark, Aarons, Colangelo and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The codefendant was separately convicted of murder in the first degree.