People v Demuth (2022 NY Slip Op 05351)

People v Demuth

2022 NY Slip Op 05351

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

110434
[*1]The People of the State of New York, Respondent,
v
Michael Demuth, Appellant.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Jacob Vredenburgh, Wynantskill, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Albany, of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered June 7, 2019, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
In May 2018, defendant was charged by indictment with multiple drug-related offenses. In satisfaction of the indictment and multiple other pending matters, defendant pleaded guilty to unlawful manufacture of methamphetamine in the third degree and was required to waive his right to appeal with the understanding that sentencing would be adjourned to permit his participation in a drug court treatment program. If successful, defendant would be sentenced to five years of probation; if unsuccessful, he could face a sentence of up to four years in prison and up to two years of postrelease supervision. It is undisputed that defendant ultimately violated the terms of the drug court treatment program on more than one occasion and that he was removed from the program. Pursuant to the terms of the plea agreement, County Court thereafter sentenced defendant, an admitted second felony offender, to a prison term of two years followed by one year of postrelease supervision. Defendant appeals.
We affirm. Initially, we are unpersuaded by defendant's challenge to the validity of his appeal waiver. Our review of the record reveals that, prior to pleading guilty, defendant was advised that the appeal waiver was a term of the plea agreement and that County Court thereafter distinguished the right to appeal from the rights that are automatically forfeited by entering a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hunt, 176 AD3d 1253, 1253-1254 [3d Dept 2019]; People v Danielson, 170 AD3d 1430, 1431 [3d Dept 2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]). Throughout the plea colloquy, defendant confirmed his understanding of the right to appeal and that his agreement to waive such was voluntary and made after discussing the matter with his counsel, with whom he was satisfied. Defendant also executed a detailed written waiver, which, among other things, adequately described the nature and scope of the rights to be waived, and the court confirmed that he read, understood and reviewed the written waiver with counsel (see People v Rollins, 203 AD3d 1386, 1387 [3d Dept 2022]; People v Stebbins, 171 AD3d 1395, 1396 [3d Dept 2019], lv denied 33 NY3d 1108 [2019]). In view of the foregoing, and in consideration of defendant's age and extensive experience with the criminal justice system, we find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 559-560, 562 [2019]; People v Lopez, 6 NY3d at 256; People v Smith, 157 AD3d 1059, 1060 [3d Dept 2018], lv denied 31 NY3d 987 [2018]; People v McKenzie, 136 AD3d 1120, 1121 [3d Dept 2016], lv denied 27 NY3d 1002 [2016]).
Defendant further contends that his plea was [*2]not knowing, voluntary and intelligent, arguing that his plea allocution was factually deficient. As his contention essentially amounts to a challenge to the factual sufficiency of his plea, it is precluded by his valid appeal waiver (see People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022]; People v Huntley, 177 AD3d 1032, 1033 [3d Dept 2019], lv denied 34 NY3d 1131 [2020]). To the extent that defendant's contention nevertheless constitutes a challenge to the voluntariness of his plea, which survives even a valid waiver of appeal, such claim has not been preserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion despite having ample opportunity to do so (see CPL 220.60 [3]; People v Dickerson, 198 AD3d 1190, 1194 [3d Dept 2021]), or that the narrow exception to the preservation requirement was triggered (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Martinez, 79 AD3d 1378, 1379 [3d Dept 2010], lv denied 16 NY3d 798 [2011]). We nevertheless note that "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301 [2009]; accord People v King, 166 AD3d 1236, 1237 [3d Dept 2018]; see People v Kaszubinski, 55 AD3d 1133, 1136 [3d Dept 2008], lv denied 12 NY3d 855 [2009]). Upon our review of the record, we decline to take corrective action in the interest of justice (see People v Kormos, 126 AD3d 1039, 1040 [3d Dept 2015]; People v Smith, 121 AD3d 1131, 1132 [3d Dept 2014], lv denied 24 NY3d 1123 [2015]).
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.