People v Guzman (2023 NY Slip Op 02811)

People v Guzman

2023 NY Slip Op 02811

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

112755
[*1]The People of the State of New York, Respondent,
v
Alexander R. Guzman, Appellant.

Calendar Date:April 21, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Bridget Rahilly Steller of New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Appeal from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered August 24, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (two counts).
In full satisfaction of a four-count indictment, defendant agreed to plead guilty to two counts of burglary in the third degree with the understanding that he would be sentenced to consecutive prison terms of 2 to 6 years and 1½ to 4½ years upon the respective convictions. The plea agreement also required defendant to waive his right to appeal and encompassed defendant's related violation of the terms and conditions of his probation — for which he would be sentenced to 11 months in jail (to be served concurrently with the state prison terms imposed). Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter imposed the contemplated terms of imprisonment.
The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. County Court's brief advisement that defendant "normally . . . would have the right to appeal [his] plea and [his] sentence" was insufficient to convey the separate and distinct nature of the right to appeal and fell short of "ensur[ing] that defendant appreciated the nature and consequences of the rights that [he] was relinquishing" (People v Crispell, 203 AD3d 1393, 1394 [3d Dept 2022]; see People v Atutis, 214 AD3d 1264, 1265 [3d Dept 2023]). Such deficiencies were not cured by the written waiver executed at sentencing (compare People v Demuth, 208 AD3d 1537, 1537-1538 [3d Dept 2022]). Accordingly, defendant's challenge to the severity of the sentence is not precluded (see People v Kimball, 213 AD3d 1028, 1029 [3d Dept 2023]). That said, we do not find the agreed-upon terms of imprisonment to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce his sentence in the interest of justice.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.