People v Dungey (2023 NY Slip Op 02808)

People v Dungey

2023 NY Slip Op 02808

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

111981
[*1]The People of the State of New York, Respondent,
v
Nathaniel . Dungey, Appellant.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Karen Fisher McGee of New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered October 11, 2019, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged by indictment with criminal sexual act in the first degree and forcible touching stemming from allegations that he engaged in sexual conduct with a person who was incapable of consent due to being passed out from medication. In satisfaction of both charges, defendant pleaded guilty to criminal sexual act in the first degree pursuant to an agreement that required him to waive his right to appeal. County Court thereafter imposed the agreed-upon prison sentence of five years to be followed by 20 years of postrelease supervision. Defendant appeals.
We affirm. Initially, as the People concede, defendant's waiver of appeal is invalid as County Court failed to explain its separate and distinct nature to defendant (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Crispell, 203 AD3d 1393, 1394 [3d Dept 2022]) and the colloquy was insufficient to ensure that defendant, who the court noted had cognitive limitations, appreciated the nature and consequences of the appellate rights that he was relinquishing (see People v Thomas, 34 NY3d 545, 559-560 [2019]). Although defendant executed a written waiver after the court imposed sentence, the court did not ascertain that he had read it, reviewed it with counsel or was aware of its contents (see People v Callahan, 80 NY2d 273, 283 [1992]; People v Callender, 164 AD3d 962, 963 [3d Dept 2018]; cf. People v Collins, 53 AD3d 932, 933 [3d Dept 2008], lv denied 11 NY3d 831 [2008]). As such, the record fails to demonstrate that defendant knowingly and intelligently waived his right to appeal (see People v Lopez, 6 NY3d at 256).
To the extent that defendant also contends that his guilty plea was not knowing, voluntary or intelligent in that he was not adequately advised by County Court of the consequences of his plea or the maximum potential sentence he could face if convicted of the indicted charges, these claims, which survive an appeal waiver, were unpreserved as defendant did not move to withdraw his plea despite an opportunity to do so, and he did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 214, 219-220 [2016]; People v Huebsch, 199 AD3d 1174 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). Nevertheless, the record reflects that the court advised him of the plea terms, the trial-related rights he would be foregoing by his guilty plea and the consequences of his plea (see People v Tyrell, 22 NY3d 359, 365 [2013]), and nothing in the record or his participation in the proceedings suggests that his medications or cognitive limitations [*2]rendered him incapable of understanding the proceedings or voluntarily entering a guilty plea, as he assured the court (see People v Williams, 189 AD3d 1978, 1980-1981 [3d Dept 2020], lv denied 37 NY3d 1165 [2022]; People v Hilts, 157 AD3d 1123, 1124 [3d Dept 2018]; People v Duffy, 126 AD3d 1142, 1142 [3d Dept 2015]).[FN1]
Defendant's claim that he was denied meaningful representation was likewise not preserved by a postallocution motion and, given that it is based upon matters outside of the record, as well as record-based matters, this mixed claim is more appropriately addressed in a motion pursuant to CPL article 440 (see People v Jackson, 29 NY3d 18, 24 [2017]; People v Taylor, 156 AD3d 86, 91-93 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]).[FN2]
Lastly, defendant's challenge to the severity of the agreed-upon sentence is not precluded given the invalid appeal waiver (see People v Lopez, 6 NY3d at 256). However, we are not persuaded that a reduction of the sentence in the interest of justice is warranted (see CPL 470.15 [6] [b]). Defendant received the minimum prison term authorized for this violent felony sex offense (see Penal Law §§ 60.05 [3]; 70.02 [2] [a]; [3] [a]; 70.80 [1] [a]; [6]), and County Court appropriately took into consideration his age of 21, criminal and social history and the need for extended supervision to protect the community in imposing the longest permitted period of postrelease supervision (see Penal Law §§ 70.00 [6]; 70.45 [2-a] [f]; People v Sweet, 200 AD3d 1315, 1320-1321 [3d Dept 2021], lv denied 38 NY3d 930 [2022]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The record reflects that defendant was found to be competent after court-ordered examinations pursuant to CPL article 730.

Footnote 2: Although defendant attempts to couch his claim as the denial of his right to counsel, he argues the distinct contention that counsel was ineffective (see People v Griffin, 20 NY3d 626, 631 [2013]).