People v Spencer (2023 NY Slip Op 04159)

People v Spencer

2023 NY Slip Op 04159

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

111020 111021 111022
[*1]The People of the State of New York, Respondent,
v
Keannu Spencer, Appellant.

Calendar Date:June 23, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Angela Kelley, East Greenbush, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Bridget Rahilly Steller of New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered May 1, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the first degree, (2) from a judgment of said court, rendered May 1, 2017, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (3) from a judgment of said court, rendered May 1, 2017, convicting defendant upon his plea of guilty of the crime of bail jumping in the second degree.
In 2015, defendant was charged by indictment with assault in the second degree and other crimes stemming from his actions in striking the victim in the head with a board during a domestic incident, causing injuries. In December 2015, while released on bail, defendant unlawfully entered a home, injured an occupant therein and stole a rifle, resulting in the issuance of a bench warrant on the 2015 indictment. He was charged by indictment in 2016 with burglary in the first degree and other crimes. Defendant then absconded and was later charged with bail jumping in the second degree. In satisfaction of all charges, defendant pleaded guilty to burglary in the first degree as charged in the 2015 indictment and assault in the second degree as charged in the 2016 indictment and, after waiving indictment, he pleaded guilty as charged in a superior court information to bail jumping in the second degree. As part of the plea agreement, defendant was required to waive his right to appeal. Consistent with the terms of the agreement, County Court imposed a prison term of six years to be followed by five years of postrelease supervision (hereinafter PRS) for the burglary in the first degree conviction and two years followed by 1½ years of PRS for the assault in the second degree conviction, to be served consecutively to one another, and, with regard to the conviction of bail jumping in the second degree, the court imposed a sentence of 1 to 3 years. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant did not validly waive his right to appeal (see People v Crispell, 203 AD3d 1393, 1394 [3d Dept 2022]). Although a waiver of appeal was set forth as a condition of the plea agreement, County Court's brief remarks failed to explain the separate and distinct nature of the waiver so as to make clear that the right to appeal is not automatically forfeited upon entry of a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Thomas, 34 NY3d 545, 562-563 [2019]; People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Crispell, 203 AD3d at 1394). As a result, the record fails to reflect that defendant understood the terms and conditions of the waivers, specifically, the nature and consequences of the rights he was relinquishing at the time he was asked to waive his right to appeal and entered a guilty plea (see People v Lopez, 6 NY3d at 256-257). Further, defendant's execution — subsequent to sentencing [*2]— of detailed written waivers of appeal,[FN1] which the court did not adequately ascertain defendant had read or understood, did not cure that deficiency or establish that defendant understood this condition of the plea agreement (see People v Williams, 211 AD3d 1337, 1339 [3d Dept 2022]; People v Crispell, 203 AD3d at 1394). Accordingly, defendant is not precluded from challenging the perceived severity of the agreed-upon sentence (see People v Lopez, 6 NY3d at 256).
As to his sentence, we are unpersuaded by defendant's arguments that it is harsh and excessive. Although defendant did not have a history of violent crimes, the plea offer was favorable given that the crimes of conviction were violent, involved different victims and included a home invasion while released on bail, following which defendant absconded. To that end, the six-year prison sentence imposed upon the first-degree burglary conviction was significantly less than the potential maximum 25-year sentence he faced on that violent felony, and only one year more than the minimum permissible sentence (see Penal Law § 70.02 [1] [a]; [3] [a]), to be followed by the maximum period of PRS (see Penal Law § 70.45 [2] [f]), and the two-year sentence imposed on the second degree assault conviction was the minimum permissible sentence for that conviction (see Penal Law § 70.02 [1] [c]; [3] [c]). Moreover, consecutive sentences were required for the burglary and assault convictions (see Penal Law § 70.25 [2-b]).[FN2] Upon considering all of the relevant circumstances, including defendant's age, background and the serious nature of these crimes, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant signed identical waivers of appeal as to each indictment but the record does not include a waiver of appeal as to the bail jumping charge.

Footnote 2: The prison term imposed upon the bail jumping conviction was the shortest permitted term (see Penal Law § 70.00 [2] [e]; [3] [b]), and was imposed concurrently with the other sentences.