People v Potter (2023 NY Slip Op 04802)

People v Potter

2023 NY Slip Op 04802

Decided on September 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 28, 2023

113416
[*1]The People of the State of New York, Respondent,
v
Timothy W. Potter Jr., Appellant.

Calendar Date:September 1, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

John R. Trice, Elmira, for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Bridget Rahilly Steller of New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.

Appeal from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered February 18, 2022, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Defendant initially was indicted and charged with two counts of predatory sexual assault against a child, two counts of rape in the first degree and one count of rape in the second degree. The indictment subsequently was reduced to one count of each of the charged crimes and, following defendant's omnibus motion, County Court dismissed the counts charging defendant with predatory sexual assault against a child and rape in the first degree — with leave to resubmit those charges to the grand jury. Defendant thereafter was afforded the opportunity to plead guilty to the sole remaining count of the indictment charging rape in the second degree with the understanding that he would be sentenced to a prison term of seven years followed by 10 years of postrelease supervision. The plea agreement, which required defendant to waive his right to appeal, also made clear that, in consideration of defendant's guilty plea, the People would forgo the opportunity to refile any additional charges with the grand jury. Defendant pleaded guilty in conformity with the agreement, and County Court imposed the contemplated sentence. This appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid. Although County Court apprised defendant that the appeal waiver was a term and condition of the plea agreement, the court did not explain the separate and distinct nature of the waiver or otherwise ensure that defendant understood the ramifications of the rights he was relinquishing (see People v Spencer, 219 AD3d 981, ___, 194 NYS3d 818, 819 [3d Dept 2023]; People v Guzman, 216 AD3d 1371, 1372 [3d Dept 2023]). Additionally, although County Court provided limited examples of the issues that would survive the appeal waiver, the court nonetheless advised defendant that "for all essential purposes [his] case [would] end[ ]" upon the imposition of sentence, and the written waiver executed at sentencing was insufficient to cure the deficiencies in the court's oral colloquy (see People v Spencer, 194 NYS3d at 919; People v Guzman, 216 AD3d at 1372; compare People v Demuth, 208 AD3d 1537, 1537-1538 [3d Dept 2022]). In light of the invalid appeal waiver, defendant's challenge to the severity of his sentence is not precluded (see People v Dungey, 216 AD3d 1367, 1369 [3d Dept 2023], lv denied 40 NY3d 928 [2023]). That said, upon reviewing the record and considering all of the underlying circumstances, including the nature of the charged crime and defendant's extensive criminal history, we do not find the sentence imposed — albeit the maximum (see Penal Law §§ 70.45 [2-a] [a]; 70.80 [4] [a] [iii]; 130.30 [1]) — to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Reynolds Fitzgerald[*2], Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.