People v Sutton (2025 NY Slip Op 02104)

People v Sutton

2025 NY Slip Op 02104

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

113519
[*1]The People of the State of New York, Respondent,
v
Christopher Sutton, Appellant.

Calendar Date:March 21, 2025

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Appeal from a judgment of the County Court of Otsego County (John Lambert, J.), rendered April 27, 2022, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree in satisfaction of a multicount indictment and agreed to waive his right to appeal, with the understanding that he would be sentenced, as a second felony offender, to a prison term of 3½ years, to be followed by two years of postrelease supervision. During the plea colloquy, County Court advised defendant that, if he failed to appear at sentencing, the court would not be bound by the sentencing promise and could impose an enhanced sentence, which defendant acknowledged he understood. Defendant thereafter failed to appear for sentencing and, upon being returned to court on a bench warrant, he was sentenced, as a second felony offender, to an enhanced prison term of four years, to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Initially, we note that defendant's belated execution of a comprehensive written waiver of appeal at the conclusion of the sentencing proceedings cannot be relied upon to establish that "defendant understood the terms and conditions of the waiver[ ], specifically, the nature and consequences of the rights he was relinquishing at the time he was asked to waive his right to appeal and entered a guilty plea" (People v Spencer, 219 AD3d 981, 982-983 [3d Dept 2023], lv denied 40 NY3d 1041 [2023]; see People v Dawson, 235 AD3d 1034, 1035 n [3d Dept 2025]).[FN1] "However, the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Soto, 228 AD3d 1072, 1073 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Goodnough, 233 AD3d 1185, 1185 [3d Dept 2024]). In response to County Court's inquiries following its explanation of the waiver of the right to appeal, defendant assured the court that he understood that the appeal waiver was a condition of the plea agreement, that it was separate from the guilty plea, and that certain rights, including some specifically enumerated by the court, survived. In addition, defendant confirmed that he had sufficient time to confer with counsel, informing the court that he and counsel had discussed the appeal waiver "[a] couple times." In view of the foregoing, we are satisfied that the record demonstrates that defendant's waiver of his right to appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Soto, 228 AD3d at 1073). As such, the valid appeal waiver precludes defendant's challenge to the severity of the enhanced sentence imposed (see People v Sitts, 232 AD3d 995, 996 [3d Dept 2024]; People v Soto, 228 AD3d at 1073).
Aarons, [*2]J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In addition, the record does not reflect that County Court adequately ascertained whether defendant had read and understood the content of the written waiver.