People v Ruple (2025 NY Slip Op 03361)

People v Ruple

2025 NY Slip Op 03361

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

113040
[*1]The People of the State of New York, Respondent,
v
Bryan L. Ruple, Appellant.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Pamela B. Bleiwas, Ithaca, for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Otsego County (John Lambert, J.), rendered May 10, 2021, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and robbery in the third degree.
Defendant was charged by indictment with one count of assault in the second degree, two counts of robbery in the third degree and two counts of attempted robbery in the third degree. The charges stemmed from allegations that defendant engaged in two robberies and two attempted robberies of four convenience stores in three different municipalities on a single night, as well as allegedly stabbing one of the store clerks during one of the attempted robberies. County Court (Burns, J.) denied defendant's motion to dismiss the indictment on various grounds. Defendant subsequently moved to reargue asserting, among other grounds, Brady violations, and County Court (Lambert, J.) denied the motion.
Thereafter, defendant pleaded guilty to assault in the second degree and robbery in the third degree in full satisfaction of the indictment and purported to waive his right to appeal. Consistent with the terms of the plea agreement, defendant was sentenced, as a second felony offender, for his conviction of assault in the second degree to a prison term of seven years, to be followed by five years of postrelease supervision, and to a consecutive prison term of 2½ to five years for his conviction of robbery in the third degree. Defendant appeals.
Initially, we agree with defendant that he did not validly waive his right to appeal. County Court, during its oral colloquy, did not explain that the right to appeal is separate and distinct from defendant's guilty plea (see People v Potter, 219 AD3d 1648, 1648-1649 [3d Dept 2023]; People v Spencer, 219 AD3d 981, 982 [3d Dept 2023], lv denied 40 NY3d 1041 [2023]; compare People v Sutton, 237 AD3d 1317, 1317 [3d Dept 2025]). Although defendant executed a comprehensive written waiver of appeal containing an adequate explanation of this, defendant did not execute said waiver until the conclusion of the sentencing proceedings, rather than during the plea proceedings, and, as such, said written waiver cannot remedy this failing in the oral colloquy (see People v Sutton, 237 AD3d at 1317; People v Mitchell, 228 AD3d 997, 998 [3d Dept 2024], lv denied 42 NY3d 1021 [2024]; People v Spencer, 219 AD3d at 983). Considering the totality of the circumstances, we find that defendant did not knowingly, voluntarily and intelligently waive the right to appeal (see People v Mitchell, 228 AD3d at 998; People v Thompson, 157 AD3d 1141, 1141 [3d Dept 2018]). In light of defendant's invalid appeal waiver, his challenge to County Court's omnibus motion decision declining to dismiss the indictment and to suppress evidence is not precluded.
Defendant contends that the grand jury proceedings were defective due to the presentation of inadmissible hearsay and improper opinion proof that prejudiced defendant, thus warranting [*2]dismissal of the indictment. We disagree. A grand jury proceeding is defective when "the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). The drastic, exceptional remedy of dismissal of the indictment is warranted only where the defect has created the possibility of prejudice to the defendant. "Dismissal of indictments under CPL 210.35 (5) should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury. . . . Certainly, not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective" (People v Huston, 88 NY2d 400, 409 [1996]; see People v Hightower, 186 AD3d 926, 930 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]). Here, a review of the grand jury minutes establishes that there was no prosecutorial wrongdoing or fraudulent conduct, as the People did not elicit a majority of the inadmissible hearsay testimony or opinion proof.[FN1] Furthermore, the People provided curative and appropriate limiting instructions with respect to the testimony. More importantly, the remaining evidence was legally sufficient to sustain the indictment. Accordingly, we find that County Court (Burns, J.) correctly determined that the introduction of the hearsay evidence and opinion proof did not adversely affect the integrity of the grand jury proceeding so as to warrant the exceptional remedy of dismissal of the indictment (see People v Hafer, 223 AD3d 1123, 1125 [3d Dept 2024]; People v Whitehead, 119 AD3d 1080, 1081 [3d Dept 2014], lv denied 24 NY3d 1048 [2014]; People v Miller, 110 AD3d 1150, 1151 [3d Dept 2013]).
Nor are we persuaded by defendant's contention that County Court erred in failing to dismiss the indictment due to the Department of Social Services (hereinafter DSS) disclosing his name to law enforcement as "fruit of the poisonous tree." "Under well-established exclusionary rule principles, where police have engaged in unlawful activity[,] evidence which is a result of the exploitation of that illegality is subject to suppression as the fruit of the poisonous tree" (People v Crispell, 223 AD3d 941, 945 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted], lv denied 41 NY3d 964 [2024]).Information held by DSS related to an individual's receipt of public assistance is confidential (see Social Services Law § 136; 225 5th, L.L.C. v Fiori Fiori, Inc., 90 AD3d 517, 517 [1st Dept 2011]).However, information may be disclosed to any properly constituted authority, including law enforcement officers (see 18 NYCRR 357.3 [e] [1]).
Here, prior to robbing two of the convenience stores, defendant attempted to purchase merchandise and utilize an ATM machine with his EBT card.[FN2] A State Police investigator was able to obtain the last four digits of the EBT card and contacted DSS to ascertain the card owner's name. Eventually, DSS [*3]disclosed defendant's name to the investigator. County Court properly denied defendant's motion to suppress this evidence as DSS was specifically authorized to disclose the information to law enforcement officials (see 18 NYCRR 357.3 [e] [1]). The Social Services Law and federal statutes cited by defendant pertain to the disclosure of information other than the name of the DSS recipient and are thus inapplicable. More importantly, the identity of a defendant in a criminal proceeding is never itself suppressible as fruit of the poisonous tree, "even if it is conceded that an unlawful arrest, search, or interrogation occurred. A contrary holding would permit a defendant to hide who he [or she] is and would undermine the administration of the criminal justice system" (People v Tolentino, 14 NY3d 382, 384-385 [2010] [internal quotation marks, brackets and citation omitted], cert dismissed 563 US 123 [2011]; see People v Johnston, 192 AD3d 1516, 1517 [4th Dept 2021], lv denied 37 NY3d 972 [2021]). Accordingly, we find that County Court correctly determined that the information should not be suppressed, and that dismissal of the indictment is not warranted.
Defendant next contends that the indictment should be dismissed because the People violated Brady by failing to turn over video footage of the Townhouse Motor Inn and by failing to preserve cigarette butts sent to the forensic lab for testing.[FN3] "To establish a Brady violation warranting a new trial, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Ulett, 33 NY3d 512, 515 [2019] [internal quotation marks and citations omitted]). "The People, in their role as truth-seekers in criminal trials, have a broad obligation to disclose exculpatory evidence, but a mere breach of this duty does not offend the defendant's due process rights unless all the components of a true Brady violation are established" (People v Garrett, 23 NY3d 878, 884-885 [2014] [internal quotation marks and citations omitted]). The video footage did not constitute Brady material inasmuch as it was in the exclusive possession of the Townhouse Motor Inn and was never in the People's possession or control (see People v Palmer, 142 AD3d 1381, 1383 [4th Dept 2016], lv denied 28 NY3d 1074 [2016]; People v Thomas, 38 AD3d 1134, 1137 [3d Dept 2007], lv denied 9 NY3d 852 [2007]). Moreover, defendant's theory that the video contained exculpatory evidence because it may have shown other suspects is purely speculative (see People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). Likewise, defendant's theory that the failure to preserve the cigarette butts violated Brady because he could notdo his own DNA testing which may have provided evidence of other suspects, is equally unpersuasive as here the possible exculpatory [*4]value is purely speculative (see id.; People v Buxton 189 AD2d 996, 997 [3d Dept 1993], lv denied 81 NY2d 1011 [1993]). More importantly, the claim is belied by the record as defendant had already been identified by the codefendant and, further, he matched the physical description of the perpetrator (see People v Ballard, 200 AD3d 1476, 1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Thus, the exceptional remedy of dismissal of the indictment is not warranted.
We are also unpersuaded by defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to request a Fyre hearing with respect to the DNA evidence that the People would be expected to admit at trial. Contrary to defendant's assertion, it is clear what type of DNA testing was utilized by the State Police forensic unit as all of the reports specify that the polymerase chain reaction method was utilized. As polymerase chain reaction DNA testing is generally accepted in the scientific community (see People v Kelly, 288 AD2d 695, 696 [3d Dept 2001], lv denied 97 NY2d 756 [2002]; People v Hamilton, 255 AD2d 693, 694 [3d Dept 1998], lv denied 92 NY2d 1032 [1998]), there was no colorable basis to request a Frye hearing on the DNA methods employed. As such, counsel's failure to request the same does not constitute ineffective assistance of counsel (see People v Dickinson, 182 AD3d 783, 789-790 [3d Dept 2020], lv denied 35 NY3d 1065 [2020]).
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Some inadmissible hearsay testimony was given by a State Police investigator in response to a juror's question and the opinion proof was given by the codefendant's own narrative while testifying.

Footnote 2: An EBT card is an electronic benefits transfer card which looks like a debit card and allows the recipient to purchase groceries and other items.

Footnote 3: The Townhouse Motor Inn is where defendant was staying with his girlfriend at the time of the offenses, was the subject of the search warrant and where defendant was arrested. The cigarette butts were seized as part of the search of the car driven by the codefendant to the various convenience stores as depicted on surveillance footage.