People v Paige (2025 NY Slip Op 06223)

People v Paige

2025 NY Slip Op 06223

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

113461
[*1]The People of the State of New York, Respondent,
v
Jariz Paige, Appellant.

Calendar Date:October 3, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Lynch, Powers and Mackey, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered December 15, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree and purportedly waived the right to appeal. Consistent with the plea agreement, County Court sentenced defendant to concurrent seven-year prison terms for each conviction, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal is invalid. The record reflects that County Court "failed to explain the separate and distinct nature of the waiver so as to make clear that the right to appeal is not automatically forfeited upon entry of a guilty plea" (People v Reynolds, 231 AD3d 1433, 1434 [3d Dept 2024] [internal quotation marks and citations omitted]; accord People v Spencer, 219 AD3d 981, 982 [3d Dept 2023], lv denied 40 NY3d 1041 [2023]). Further, although defendant executed a written waiver, the court failed to ascertain whether defendant had read the waiver or had discussed it with counsel (see People v Little, 230 AD3d 1432, 1432 [3d Dept 2024]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]; People v Gibbs, 232 AD3d 937, 939 [3d Dept 2024]). That said, the concurrent sentences imposed were well below the maximum authorized sentences on the convictions for the higher counts contained in the indictment and, given the seriousness of the crimes, we do not find the sentences to be unduly harsh or severe and we decline his request to modify the sentences as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]).
Aarons, J.P., Reynolds Fitzgerald, Lynch, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.