People v Freeman (2025 NY Slip Op 06928)

People v Freeman

2025 NY Slip Op 06928

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CR-22-2106
[*1]The People of the State of New York, Respondent,
vMichael C. Freeman, Appellant.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Steven G. Cox, Utica, for appellant.
Robert A. Mascari, Acting District Attorney, Wampsville (J. Sam Rodgers of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the Supreme Court (Patrick O'Sullivan, J.), rendered October 17, 2022 in Madison County, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to burglary in the first degree and purportedly waived his right to appeal. Appropriately accounting for the sympathetic circumstances reflected in a mitigation report prepared on defendant's behalf, as well as his "honesty" and cooperation with police, Supreme Court determined that the minimum possible prison term of five years, to be followed by five years of postrelease supervision, was warranted and sentenced defendant accordingly. Defendant appeals.
Defendant asserts that the plea was not knowingly, voluntarily and intelligently entered given his cognitive limitations.[FN1] This contention, however, is unpreserved for our review, as defendant did not make an appropriate postallocution motion despite an opportunity to do so prior to sentencing, and a review of the record does not reflect that the narrow exception to the preservation requirement was triggered (see People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]; People v Dungey, 216 AD3d 1367, 1368 [3d Dept 2023], lv denied 40 NY3d 928 [2023]). In any event, were we to address the issue, we would find it to be unavailing, as "nothing in the record or [defendant's] participation in the proceedings suggests that his . . . cognitive limitations rendered him incapable of understanding the proceedings or voluntarily entering a guilty plea" (People v Dungey, 216 AD3d at 1368; see People v Kinner, 147 AD2d 742, 743 [3d Dept 1989], lv denied 74 NY2d 665 [1989]).
Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant also challenges the validity of his waiver of the right to appeal, such issue need not be addressed as the challenge to the voluntariness of the plea survives even a valid appeal waiver (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]).