People v Charlton (2026 NY Slip Op 00289)

People v Charlton

2026 NY Slip Op 00289

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-23-1923
[*1]The People of the State of New York, Respondent,
vLashanna Charlton, Appellant.

Calendar Date:January 2, 2026

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Powers, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Craig Carriero, J.), rendered February 6, 2023, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.
In December 2022, defendant pleaded guilty to manslaughter in the first degree in satisfaction of a four-count indictment, with the understanding that County Court would sentence her to a determinate prison term between 15 and 20 years, to be followed by a period of postrelease supervision. The plea agreement required that defendant waive her right to appeal. County Court ultimately sentenced defendant to a prison term of 20 years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's claim, we find that she validly waived her right to appeal. In addition to County Court informing defendant of the separate and distinct nature of the waiver of the right to appeal, it also explained that certain appellate rights survived the waiver and delineated various rights that could not be waived, which defendant acknowledged she understood and had discussed with counsel. Defendant also executed a written waiver which expressly delineated a challenge to the severity of the sentence as one of the rights waived thereby (see People v Delosh, 227 AD3d 1276, 1276 [3d Dept 2024]) and she assured the court that she understood the nature and extent of the waiver, had reviewed it with counsel and did not have any questions in regards thereto (see People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Cali, 229 AD3d 940, 941 [3d Dept 2024]; People v Patterson, 228 AD3d 1138, 1139 [3d Dept 2024]; People v Thomas-Jandrew, 228 AD3d 1067, 1067 [3d Dept 2024]). Finally, although defendant acknowledged during the plea colloquy that she was taking prescription medication, the court confirmed that she had taken these medications in compliance with the associated prescription and that she understood what was transpiring and, relatedly, defense counsel confirmed she had no issues communicating with defendant (cf. People v Dungey, 216 AD3d 1367, 1368 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Romano, 45 AD3d 910, 915-916 [3d Dept 2007], lv denied 10 NY3d 770 [2008]). Thus, despite defendant answering in the negative when the court initially inquired whether she wished to waive her right to appeal — which was quickly clarified by the court — we are satisfied that "the totality of the circumstances reveals that the [counseled] defendant understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019]; accord People v Lesson, 241 AD3d 1051, 1055 [3d Dept 2025], lv denied 44 NY3d 1028 [2025]). In light of the foregoing, defendant validly waived her right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Middlemiss, 236 AD3d 1198, 1199 [3d Dept 2025]) and, as such, her challenge to the severity of the sentence imposed is precluded (see People v Wickwire, [*2]230 AD3d 1429, 1431 [3d Dept 2024]).
Clark, J.P., Aarons, Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.