People v DeCutler (2026 NY Slip Op 00409)

People v DeCutler

2026 NY Slip Op 00409

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CR-23-1919
[*1]The People of the State of New York, Respondent,
vNicholas A. DeCutler, Appellant.

Calendar Date:January 2, 2026

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Christopher J. Di Donna, Acting District Attorney, Cooperstown, for respondent.

Appeal from a judgment of the County Court of Otsego County (John Lambert, J.), rendered May 8, 2023, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged by indictment with murder in the second degree stemming from an incident wherein he and the codefendant, his brother, entered an alley to purchase oxycodone from the victim before an altercation ensued. During said altercation, defendant allegedly disarmed the victim of a knife before he and the codefendant, who also had a knife, each stabbed the victim approximately 30 times, which resulted in the victim's death. Pursuant to a plea agreement, defendant pleaded guilty to murder in the second degree in satisfaction of the sole charge brought under the indictment, with the understanding that he would be sentenced to a prison term of 20 years to life. The plea agreement also required defendant to waive his right to appeal. County Court thereafter sentenced defendant in accordance with the agreed-upon terms. Defendant appeals.
We affirm. Preliminarily, although defendant executed a written waiver of appeal at the conclusion of the sentencing proceeding, that belated execution "cannot be relied upon to establish that 'defendant understood the terms and conditions of the waiver, specifically, the nature and consequences of the rights he was relinquishing at the time he was asked to waive his right to appeal and entered a guilty plea' " (People v Sutton, 237 AD3d 1317, 1318 [3d Dept 2025] [brackets omitted], quoting People v Spencer, 219 AD3d 981, 982-983 [3d Dept 2023], lv denied 40 NY3d 1041 [2023]; see People v Dawson, 235 AD3d 1034, 1035 n [3d Dept 2025]). "However, the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Wickwire, 230 AD3d 1429, 1430 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). County Court explained that the waiver of appeal was part of defendant's plea agreement, advised defendant that the appeal waiver was separate and distinct from the other rights that he would be forfeiting by pleading guilty and that certain rights, including some specifically enumerated by the court, survived. Further, County Court ascertained that defendant had conferred with counsel regarding waiving his right to appeal "numerous times" and elicited defendant's assurances that he understood the nature and extent of the waiver. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Sutton, 237 AD3d at 1318; People v Soto, 228 AD3d 1072, 1073 [3d Dept 2024]; compare People v Ruple, 239 AD3d 1040, 1041 [3d Dept 2025], lv denied 44 NY3d 1013 [2025]). In light of the valid appeal waiver, defendant's [*2]challenge to the severity of his sentence is precluded (see People v Sutton, 237 AD3d at 1318; People v Sitts, 232 AD3d 995, 996 [3d Dept 2024]; see also People v Lesson, 241 AD3d 1051, 1055 [3d Dept 2025], lv denied 44 NY3d 1028 [2025]).
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.